MARY CONNETT, APPELLANT, v. ERNEST P. CONNETT, APPELLEE.

FILED MAY 21, 1908. No. 15,081.

1. **Divorce:** MAINTENANCE OF CHILDREN: DECREE: ALTERATION. Where, in a decree of divorce, the court includes an order concerning the custody or maintenance of minor children, those infants in a sense become wards of that court, and it has authority at any subsequent period of their minority, upon application of either parent and sufficient notice to the other, to revise and alter the decree so far as it relates to the care, custody or maintenance of the children.

2. ———: ———. The parents cannot by contract between themselves, nor can the court by any order it may make in the divorce suit, irrevocably determine the amount of money the father shall contribute for the support and education of his children, so as to deprive that court of power, upon a proper showing and notice, to alter said decree in the interest of justice and for the benefit of said children.

3. ———: DECREE. The wife's alimony and the children's maintenance, if included in the same decree, should be separated into distinct items, and not included in one sum.

APPEAL from the district court for Seward county: ARTHUR J. EVANS, JUDGE. *Reversed with directions.*

*Landis & Schick* and *Ray J. Abbott,* for appellant.

*Norval Bros.* and *J. J. Thomas, contra.*

ROOT, C.

In 1902 plaintiff was divorced from defendant by decree of the district court for Seward county. Her original petition charged cruelty and adultery; but on the evening of the first day of the trial of said cause the litigants stipulated in writing that plaintiff would file an amended petition charging only a wanton failure to support her, that an absolute divorce should be granted, plaintiff to have the custody of their two children, eight and eleven years of age, respectively, and that defendant would pay as alimony to the wife and maintenance for the children $10 each month for seven years, and furnish the children clothing, "if such provision for that term is necessary," and so long as plaintiff remained unmarried defendant for five years would provide her with a dwelling, and she to retain all their household furniture, the $10 a month to be in lieu of dower and all other claims and demands of plaintiff against defendant. The court acted on the stipulation, and the evidence theretofore taken, and granted a decree upon the amended petition in strict conformity with the terms of the stipulation, and further ordered the reporter not to transcribe his shorthand notes of said testimony for any one. In 1904 plaintiff commenced these proceedings for a modification of said decree and an increase of the allowance therein provided for, because of the alleged fraud in procuring said stipulation and the judgment thereon, her changed circumstances on account of failure of health, the increased cost of living, the insufficiency of the allowance to maintain and educate the children, the failure of defendant to provide clothing for the children, and for other reasons

not material, as we view the record.    The district court dismissed the petition, and plaintiff appeals.

1. The charge of fraud is very indefinite and totally unsustained by the evidence.    It is more than likely that the real reasons for the settlement and the unusual action of the court in seeming to be controlled by the stipulation of the parties do not appear in the record in this case.

2. So far as plaintiff is concerned, we are of opinion that her showing of impaired health will not warrant a modification of the decree for the purpose of increasing her alimony.    It is not necessary to, nor do we, determine the defense of *res judicata* interposed to her personal demand.    We do, however, reject that defense so far as it affects the children.    The care, custody and maintenance of the litigants' children were considered by the court in the action for divorce.    Section 5338, Ann. St. 1907, provides that the court upon pronouncing a decree of nullity or of divorce, either from the bonds of matrimony or from bed and board, may make such further decree as may be just and proper for the care, custody and maintenance of the minor children.    The succeeding section provides: "The court may from time to time, afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children shall require."    In case the court has acted under section 5338, *supra,* the child becomes in a sense the ward of that court, and to the extent that the decree affects the infant it may be modified or changed by the court at any time during the child's minority.    *Miner v. Miner,* 11 Ill. *43; *Hoffman v. Hoffman,* 15 Ohio St., 427; *Buckminster v. Buckminster,* 38 Vt. 248, 88 Am. Dec. 652; *Miles v. Miles,* 65 Kan. 676.

The stipulation between the parents will not avail to release defendant from his lawful obligation to sup-

port, maintain and educate his children. A bargain, with the possible consideration that the parent's peccadilloes shall not be aired in public, or that the mother may be furnished long withheld and sorely needed funds for her support, will not be considered in adjusting the rights of infants not parties to the arrangement and incapable of assenting thereto. Defendant's duty to his offspring and his liability for their support and education continued as imperative after as before the divorce. *Chambers v. Chambers,* 75 Neb. 850; *Spencer v. Spencer,* 97 Minn. 56, 114 Am. St. Rep. 695; *McAllen v. McAllen,* 97 Minn. 76. To secure the payments of $10 a month, plaintiff was compelled to release all claims she might have against her husband or his estate. Defendant being the wrong-doer, plaintiff was entitled to alimony, in the discretion of the court, based upon defendant's probable future earnings, as well as upon his property, real and personal. *Cole v. Cole,* 142 Ill. 19, 34 Am. St. Rep. 56. No one can ascertain from an inspection of the decree whether any part of the allowance, other than the household furniture, was made as alimony for plaintiff, or whether it was all intended as maintenance for the children.

Defendant has paid $10 a month to plaintiff, and has also provided the children with a generous supply of wearing apparel, besides giving each of them spending money from time to time. Plaintiff has also purchased some minor articles each year for her children. Plaintiff testified, and she is not contradicted, that the necessaries of life cost more than they did in 1902, and that it will cost $32 a month to support the children as they have been accustomed to be maintained. The affidavits on file in this court in support of and resisting plaintiff's application for suit money disclose that defendant has changed his residence to Kansas and that the boy is now with the father. The mother testifies that the boy went to his father without her permission and against her will. The son is old enough and sufficiently well developed to earn money to aid his mother; but he evidently prefers the

father's society and plethoric purse to the mother's home and meager resources. It is undisputed that the father is a successful business man, making in some instances as much as $200 a week; but he has not seen fit to disclose to the court the extent or value of his property, as he might well have done. The decree should have been explicit, separating the allowance of alimony for the mother from the maintenance for the children; and, as it only obligates the father to furnish clothing when "necessary," it is indefinite and open to differing construction by the parties interested. Doubtless the learned district judge considered that he was constrained to follow the form of the stipulation; else this condition would not exist.

Winnie, the girl, will not attain 18 years of age till the spring of 1912, the exact date not being furnished, and there is no good reason why her father should not support her until her eighteenth birthday. In our opinion, the judgment of the district court should be reversed and the cause remanded, with directions to said court to modify its former decree, so that plaintiff recover from defendant the sum of $30 a month for each and every month, commencing April 15, 1908, and ending March 15, 1912, for the support and education of their said children, without deduction for the absence of the son, Walter, from plaintiff's home, and that she be not compelled to maintain him elsewhere; that the provision in the original decree for clothing be annulled, that the said sum of $30 a month be in lieu of all allowances under said decree, and that it be paid to the clerk of the district court for plaintiff; that defendant pay the costs of these proceedings, including an attorney fee of $75 for plaintiff's attorneys.

FAWCETT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to said court to modify its former decree, so that plaintiff recover from

defendant the sum of $30 a month for each and every month, commencing April 15, 1908, and ending March 15, 1912, for the support and education of their said children, without deduction for the absence of their son, Walter, from plaintiff's home, and that she be not compelled to maintain him elsewhere; that the said sum of $30 a month be in lieu of all allowances under said decree monthly in advance, and that it be paid to the clerk of the district court for plaintiff; that defendant pay the the costs of these proceedings, including an attorney fee of $75 for plaintiff's attorneys.

JUDGMENT ACCORDINGLY.