ELEANOR C. SHOMAKER, APPELLEE, V. WILLIAM LAWRENCE
SHOMAKER, APPELLANT.

163 N. W. 2d 102

Filed December 6, 1968. No. 36939.

Hunter, Venteicher & Kasher, for appellant.

Hotz, Hotz, Moylan & Kellogg, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, and NEWTON, JJ., and STUART, District Judge.

BOSLAUGH, J.

Eleanor C. Shomaker obtained a limited divorce from
William Lawrence Shomaker, the defendant, in 1957.
The judgment was affirmed as modified by this court in
Shomaker v. Shomaker, 166 Neb. 164, 88 N. W. 2d 221.

The custody of the three minor children was awarded
to Mrs. Shomaker and the defendant was ordered to
pay $15,000 per year to Mrs. Shomaker for the first 5
years, $10,000 per year for the next 5 years, $7,500 per
year for the next 5 years, and $2,500 per year for the
next 10 years. There were other provisions in the judg-

ment relating to the property of the parties but they are not important in this case.

In 1960, Mrs. Shomaker filed an application to modify the judgment in the divorce action by increasing the amount of the payments to be made by the defendant. After hearing, this application was dismissed by the trial court.

In 1965, Mrs. Shomaker established a revocable trust and assigned any "cause of action for unpaid support monies" to the Omaha National Bank as trustee.

After Mrs. Shomaker's death on March 13, 1966, the bank moved to revive the judgment in the divorce action. The trial court ordered the judgment revived in the name of the bank, and the defendant has appealed.

There were no unpaid installments due at the time of Mrs. Shomaker's death. The controversy in this case concerns only payments to become due after the death of Mrs. Shomaker.

The case turns on the question of whether the judgment survived the death of Mrs. Shomaker. The general rule is that the right to receive alimony and the duty to pay it terminates on the death of either of the parties where the decree is silent on the subject. Masters v. Masters, 155 Neb. 569, 52 N. W. 2d 802. But an allowance of "alimony in gross" is a final judgment, not subject to modification, which survives the death of the judgment debtor and is payable in full regardless of the death or remarriage of the judgment creditor. Ball v. Ball, *ante* p. 216, 159 N. W. 2d 297.

The judgment in this case provided that the payments to be made to Mrs. Shomaker were "for the full support and maintenance of plaintiff and the three children of the parties hereto, including the education of the children through high school and college."

A decree for child support in a divorce action is always subject to review and modification regardless of the particular language of the award. Griess v. Griess, 161 Neb. 1, 71 N. W. 2d 513; Caporale v. Hale, 169 Neb.

751, 100 N. W. 2d 847; Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6; Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51; Connett v. Connett, 81 Neb. 777, 116 N. W. 658.

Since the judgment in this case combined alimony with child support, the judgment was always subject to modification and was not an allowance of alimony in gross. To the extent that Beard v. Beard, 57 Neb. 754, 78 N. W. 255, may be in conflict with this opinion it is overruled.

Upon the death of Mrs. Shomaker, her right to the custody of the children ended. Clarke v. Lyon, 82 Neb. 625, 118 N. W. 472, 20 L. R. A. N. S. 171. See, also, In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885. Although the defendant's duty to support the remaining minor child continued, he was no longer obligated to pay child support as required by the judgment in the divorce action.

The defendant's liability for future payments under the judgment in the divorce action terminated upon the death of Mrs. Shomaker. The order of the trial court reviving the judgment in the divorce action in the name of the bank was erroneous and must be reversed.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.