CORINNE PROCHAZKA, APPELLANT, v. WALTER PROCHAZKA, APPELLEE.

253 N. W. 2d 407

Filed May 18, 1977. No. 40976.

E. Bruce Smith, for appellant.

Schaper & Schaper and Wood & Wolfe, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action for dissolution of marriage brought by Corinne Prochazka, the appellant, against Walter Prochazka, the appellee, in the District Court for Custer County, Nebraska. The appellant has appealed from an order overruling a motion for new trial following the entry of a decree of dissolution and approval of a property settlement agreement. We affirm the order of the trial court.

Appellant filed a second motion for new trial alleging newly discovered evidence; this motion had not been presented to the trial court nor ruled upon before this appeal was taken. The issues sought to be presented by such motion and the order thereon are outside the scope of this appeal and will not be considered.

The record shows that the parties were married January 10, 1960. Their only child, Jana, was born July 1, 1963. Appellee established a dental laboratory in Broken Bow, Nebraska, in 1954, with appellant as one of his employees. Following the marriage of the parties, she continued to work in the laboratory until their daughter was born; and during the entire term of the marriage, appellant kept the books and records relating to the operation of the laboratory. Appellee financed the establishment of the laboratory in the first instance with funds received from his mother; at the time of the marriage

in 1960, appellee purchased a lot and constructed a house and laboratory with funds previously earned by him, amounting to $19,500. As will be seen, the family prospered and substantial assets were accumulated.

The course of the marriage was not entirely smooth. An earlier petition for dissolution was filed and subsequently dismissed; this action was filed February 4, 1974. During the pendency of the ac-. tion, pursuant to a stipulation approved by the court, the parties continued to occupy separate portions of the family home and appellee made support payments to appellant. Marriage counseling proved to be unsuccessful in restoring the marriage.

After the case was set for hearing and on the eve thereof, the parties held a night-long conference to reach an agreement for property settlement. On the day of hearing, each party signed and acknowledged the execution of the agreement as a voluntary act and deed; and appellee thereupon executed a responsive pleading in the usual form. The agreement was filed in the action and both parties testified to the execution thereof as well as to the history of the marriage and other circumstances. The appellant did not take any steps either to amend or withdraw her pleadings. The trial court found that the marriage was irretrievably broken and that the property settlement agreement was not unconscionable. The provisions thereof were incorporated into the decree. Generally, the agreement provided that appellant should receive an automobile, bank certificates of deposit, United States bonds, and an investment fund certificate, all with an aggregate value fixed by both parties of $42,022.38. Appellee was to retain the family home, laboratory equipment, two automobiles, and various bank accounts with an aggregate value, in appellant's opinion, of $71,100, or in appellee's opinion, of $57,400. The parties further agreed that certain gifts of stock and investment

certificates placed in the name of Jana Prochazka should be confirmed to her and not charged to either party. Provisions for child support were also fixed by the decree.

The appellant thereupon filed a motion for new trial upon the grounds that her assent to the property settlement agreement had been obtained by undue influence and that said agreement was unconscionable. At the hearing upon the motion, the appellant testified that she had agreed to accept the provisions of the agreement because she was led to believe that a future reconciliation would be more likely if she did not demand a larger share of the family property. These statements were wholly inconsistent with her pleadings and testimony at the original hearing, as well as being entirely inadequate to show that her will had been overcome by improper means. A new trial will not be granted to a party for the purpose of introducing an issue not previously presented, unless the judgment cannot be sustained on the issues previously heard and considered. 66 C. J. S., New Trial, § 84, p. 263. The findings and decree of the trial court in this case are supported by the pleadings and by the evidence.

The briefs of both parties refer us to prior decisions relating to the consideration of what is or is not a proper division of family property upon dissolution of a marriage. These would be appropriate precedents if the trial court had made the division of the family property in this case. Different considerations, however, apply to the action of a trial court in approving the provisions of a property settlement agreement. It is necessary to consider the terms of section 42-366, R. R. S. 1943, which provides in part as follows: "(1) To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written property settlement agreement containing provisions

for the maintenance of either of them, the disposition of any property owned by either of them, and the support and custody of minor children.

"(2) In a proceeding for dissolution of marriage or for legal separation, the terms of the agreement, except terms providing for the support and custody of minor children, shall be binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the agreement is unconscionable."

This is an explicit statement of legislative policy concerning both the desirability and binding effect of property settlement agreements attendant upon the dissolution of marriage. The trial court is limited to the consideration of the economic circumstances of the parties and any other relevant evidence in reaching its conclusions whether or not the agreement is unconscionable. If the agreement is not found unconscionable, it is binding upon the court and the decree must carry such agreement into effect. By subsection (3) of said statute, if the court finds the agreement unconscionable, it may either request the parties to revise the same or may, at its option, proceed to make its own division of family property.

The appellant is unable to point to any circumstances showing the agreement to be unconscionable. She argues that, in some instances, trial courts have made more liberal provision for litigants in her position when decreeing division of family property. We have examined the record carefully and it does not show any circumstance, economic or otherwise, which operates to render the effect of the agreement unjust to either party or obviously excessive in respect to benefits or burdens on either side.

The trial court correctly overruled the motion for a new trial and its judgment is affirmed.

AFFIRMED.