ELLEN G. SEBESTA, APPELLANT, v. ARTHUR SEBESTA, APPELLEE.

277 N. W. 2d 49

Filed March 20, 1979. No. 41807.

Richard L. Huber of Higgins, Higgins & Huber, for appellant.

Robert D. Stowell of Stowell & Jensen, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and KNAPP, District Judge.

KNAPP, District Judge.

This is an action for dissolution of marriage. The court found that the marriage was irretrievably broken, approved the parties' written property settlement agreement and dissolved the marriage. Petitioner wife appeals, contending the court erred in not granting her motion, filed prior to entry of the decree, to declare the agreement null and void and in not finding the agreement to be unconscionable. We affirm the judgment of the trial court.

The parties were married in 1942. Appellant was then 16 years old; appellee was 22 years old. Neither of them completed high school. With the exception of 15 to 20 head of cattle then owned by appellee, neither of them brought property of value to the marriage. Four children were born to the marriage; two survive, a married daughter and a son who was 18 years old at the time the decree was entered. During the marriage, by purchase and by inheritance, the parties accumulated the property which is the subject of this appeal. When the petition was filed they owned 608 acres in Valley County, Nebraska, purchased in 1955, which, with the farm home and other improvements thereon, was ap-

praised at $195,000; 24 acres in Loup County, Nebraska, purchased in 1976 for $3,072; a one-third interest in 1,032 acres in Loup County, Nebraska, inherited by appellee in 1949 and valued at $44,032; 150 head of cattle valued at $33,750; farm machinery, including a 1974 pickup, valued at $15,000; a 1968 Buick automobile valued at $500; and a certificate of deposit in the amount of $9,730.08. They owed $55,000 to their bank, $9,500 in miscellaneous business debts, and a $22,000 balance on a mortgage on the Valley County land.

Appellant's petition for dissolution was filed September 20, 1976. Hearing was had on her application for temporary allowances on December 16, 1976. Evidence of the parties' assets and liabilities was received and temporary allowances were ordered. Shortly thereafter, appellee's counsel wrote a letter to appellant's counsel outlining a proposed property settlement agreement. Appellant learned of this proposal on December 24, 1976, while visiting her daughter, who had been informed thereof by appellee. Appellant insisted that appellee come to their daughter's home to explain the proposed agreement and, on December 27, he did so. The proposal, in addition to dividing the property, included conveying to each of their two children a quarter section of the Valley County land. Following this discussion they, with their daughter, went to the office of appellee's counsel in Ord, Nebraska, and there executed warranty deeds conveying the quarter sections to their children. Appellee's counsel was not present and was not aware that the parties were in his office. Appellant and her daughter then drove to Burwell, Nebraska, to confer with appellant's counsel, who read to them the letter from appellee's counsel setting forth the terms of the proposed settlement. Appellant advised her counsel that she agreed to the proposed terms and had already executed the deeds conveying the quarter sections to their children.

Thereafter, the terms of the agreement were incorporated into an instrument entitled "Stipulation of Property Settlement" (hereinafter called Stipulation). It provided that appellee would have custody of the parties' minor son and would assume the debts, including the mortgage on the Valley County land. It included a recital that the parties had, on December 27, 1976, conveyed to each of their two children a quarter section of the Valley County land. Appellee received the balance of the Valley County land (288 acres) together with the farm home and other improvements thereon, all farm livestock and machinery, and the 1974 pickup. Appellant received all of the Loup County land (368 acres), the $9,730.08 certificate of deposit, the 1968 Buick, and the personal effects and clothing then in her possession. Appellee received "all other personal property of the parties." Neither "personal effects and clothing" nor "all other personal property of the parties" was then, or later, more fully identified, nor was any monetary value assigned thereto by either of the parties at any of the three hearings before the trial court. The Stipulation further stated that the parties had made every reasonable effort to reconcile their differences and were convinced that their marriage was irretrievably broken and that reconciliation and continuance of the marriage was impossible.

Appellee executed the Stipulation on January 13, 1977. Appellant's counsel mailed it to appellant, together with a certain "Statement" prepared by him, and, on January 21, 1977, appellant took both instruments to the office of appellee's counsel, executed and acknowledged them before his secretary, a notary public, and left the executed instruments there with directions to mail them to her attorney. Again, it should be noted that appellee's counsel was not present nor was he aware of appellant's presence in his office. The "Statement" prepared by

appellant's counsel and executed and acknowledged by her on January 21, 1977, was captioned as a pleading in the case, entitled "Statement," and is as follows: "I, ELLEN G. SEBESTA, do hereby acknowledge that I have been informed by my Attorney * * * that I would probably be awarded by the District Court of Valley County, Nebraska, a greater amount of the joint property accumulated by my husband and myself during the period of our marriage, than the property I will receive according to the Stipulation of Property Settlement signed by me this date.

"However, it is my express wish and desire that the joint property owned by my husband and myself and accumulated during the period of our marriage be divided and disposed of according to the Stipulation of Property Settlement which I have executed this date, and I hereby certify that I have knowingly and willingly executed said Stipulation, with full knowledge of my act and without any restraints whatsoever."

On January 31, 1977, appellant returned to the office of appellee's counsel and, in his presence, executed United States Quarterly Gift Tax Returns relating to the gifts of the Valley County quarter sections to their children.

On March 23, 1977, hearing was had on appellant's petition for dissolution. Appellee testified that the marriage was irretrievably broken and to the execution by the parties of the Stipulation and the gift tax returns. Appellant's counsel then stated to the court "* * * my client now states to me that apparently she has changed her mind since signing this particular document (the Stipulation) and does not feel at this time that was a fair property settlement." Appellant did not take the stand, but on being asked by the court if she had any questions replied: "Yes, I do. I don't want it to go through."

The court ordered both parties to undergo mar-

riage counseling, the results thereof to be reported to the court. Appellant's counsel requested and received permission to withdraw as counsel in the case.

On May 10, 1977, the marriage counselor seen by the parties filed his report with the court setting forth the visits had with the parties, the tests administered to them, and his conclusion that the marriage was irretrievably broken.

In the interim, appellant, through new counsel, had filed a motion requesting the court to declare the Stipulation null and void for the reason appellant "did not have sufficient facts to sufficiently know the value of the property described and further did not have adequate information to base an intelligent opinion as to the reasonableness of said settlement." Hearing on appellant's motion was had on May 25, 1977. The parties and their daughter testified at length about the circumstances surrounding the execution of the various instruments referred to hereinbefore. The assets and liabilities of the parties were again inquired into. Counsel's examination of witnesses was not limited or constrained in any degree. No testimony was elicited suggesting that the parties' assets and the valuations thereof set out hereinbefore were not essentially correct nor that appellant had been misled in any way with respect thereto. While appellant stated she signed the Stipulation because she thought if she signed it she "might have a chance of getting my husband back," there is nothing in the record indicating that appellee or anyone else had said or done anything that would support her supposition. Nor is there any showing of fraud, intimidation, or other improper means practiced by anyone to overcome appellant's will.

Appellant first contends that a party to a property settlement agreement entered into pursuant to section 42-366, R. R. S. 1943, may, as a matter of right, withdraw therefrom at any time before the trial

court has ruled thereon. The applicable portions of that statute provide: "(1) To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written property settlement agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the support and custody of minor children.

"(2) In a proceeding for dissolution of marriage or for legal separation, the terms of the agreement, except terms providing for the support and custody of minor children, shall be binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the agreement is unconscionable."

This court has previously stated that the statute quoted constitutes an explicit statement of legislative policy concerning the desirability and binding effect of property settlement agreements entered into pursuant thereto and that such agreements, unless found to be unconscionable, bind both the parties and the court. Prochazka v. Prochazka, 198 Neb. 525, 253 N. W. 2d 407. Appellant's first contention is without merit.

Appellant next contends that the Stipulation is unconscionable. After subtracting the portion of the Valley County land deeded to the children, the value of the Loup County land inherited by appellee, and the debts assumed by appellee, the total value of the parties' property available for division is $106,552. Of this, appellant received property reasonably valued at $57,334. After careful consideration of the parties' economic circumstances as reflected by the record, together with all other relevant evidence produced by the parties, we find that the Stipulation

is not unconscionable. The judgment of the trial court is affirmed.

AFFIRMED.