ROBERT E. SMITH, APPELLANT AND CROSS-APPELLEE, V. JAMES R. GANZ, SR., APPELLEE AND CROSS-APPELLANT.

363 N.W.2d 526

Filed March 8, 1985.   No. 83-865.

Susan Jacobs of Healey, Brown, Wieland, Kluender, Atwood & Jacobs, for appellant.

John A. Wagoner, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Plaintiff, Robert E. Smith, brought suit in district court against the defendant, James R. Ganz, Sr., his former lawyer in a marriage dissolution action, for damages alleged to have been caused by the professional negligence of the defendant during that representation. The jury found for the plaintiff and awarded damages of $90,000. In response to the defendant's motion for judgment notwithstanding the verdict or for a new trial, the trial court ordered that the defendant's motion for new trial would be granted unless the plaintiff consented to a remittitur reducing the award to $65,000. The plaintiff appeals to this court, assigning as error the trial court's refusal to accept the award of damages returned by the jury and its ordering the remittitur. On cross-appeal the defendant assigns as error the district court's overruling of his demurrer ore tenus alleging that the plaintiff's cause of action was barred by Neb. Rev. Stat. § 25-222 (Reissue 1979). We reverse and remand with instructions to dismiss the petition.

An understanding of the facts surrounding the dissolution of the marriage of plaintiff from his former wife, Patricia A. Smith, is necessary. The Smiths were married on August 21, 1960. At the time of the marriage neither party possessed significant amounts of personal property or any real property. Three children were born of the marriage. Patricia Smith worked outside the home during the greater part of the 17-year marriage, excluding a 7-year period devoted to the care of the children. At all times she assisted in farmwork and kept a home

for the parties and the children.

A decree of divorce was entered on May 10, 1977. It is with respect to the property settlement incorporated in the decree that the alleged malpractice is addressed. A property statement reflects a net marital estate of approximately $147,000.

Defendant Ganz is a practicing lawyer in Gibbon, Nebraska, and was acquainted with the Smiths. The Smiths contacted him in his professional capacity. Ganz advised the Smiths that he could not represent both parties in their marital dispute. Patricia Smith secured other counsel and ultimately filed an action for dissolution. Defendant Ganz continued to represent Robert Smith. Ultimately, the parties agreed to a property settlement. Patricia Smith received as her total share of the personal property one-half of the household furnishings, the sum of $6,900 in cash, and a 1975 Corvette automobile. She waived all claim to alimony. Concerning the 188 acres of land owned by the parties, the title of which was held in joint tenancy, each retained a one-half ownership, but as tenants in common.

Sometime in 1981 Patricia Smith consulted her lawyer about a yearly argument with Robert concerning his failure or refusal to supply Patricia with one-half of a beef and a dressed hog, which Robert had agreed to do during the time Patricia had custody of at least one of the children. Much to Robert's consternation, Patricia's reaction was to file an action in partition seeking to sell the farm held as tenants in common. Following the entry of a decree in partition, the parties negotiated a settlement, and Robert agreed to pay Patricia the sum of $110,000 for her one-half interest. Robert also paid certain attorney fees and costs incident to the partition action.

In the instant case Smith alleges two specific acts of negligence against defendant Ganz: (1) That he failed to communicate an offer of settlement made by Patricia's attorney in which she would have accepted the sum of $20,000 as a property settlement, $5,000 in alimony, and waived any interest in the parties' farm; and (2) That Ganz failed to explain to Robert that as an incident of ownership of real estate as tenants in common, cotenants each have a right of partition. The plaintiff's theory, apparently, is that if he had known of the

possibility of a partition action and of the proposed settlement offer at the time of the divorce, he would have accepted the settlement offer.

Upon a thorough review of the record, we find the defendant's assigned error on cross-appeal to be dispositive of the case. We were not favored by counsel with a copy of the court's instructions to the jury, and therefore cannot tell in what form the defense of the statute of limitations was submitted to the jury or, indeed, if it was at all. However, we do know from the record that although the defendant's demurrer ore tenus was overruled by the court, the substance of that demurrer, the statute of limitations, was preserved in an appropriate amendment to the defendant's answer. Therefore, we are not compelled to discuss the function of that pleading but may pass to the ultimate issue. That issue is simply whether, as a matter of law, the plaintiff's cause of action is barred by the statute of limitations.

Section 25-222 provides in pertinent part:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

As we stated in *Interholzinger v. Estate of Dent*, 214 Neb. 264, 269, 333 N.W.2d 895, 899 (1983), the relevant questions concerning any action under this statute are: "Was there an act of malpractice? If so, when did it occur and when did plaintiffs' cause of action accrue?"

Turning then to plaintiff's first allegation of malpractice, the defendant's alleged failure to communicate an offer of settlement, we observe that the Code of Professional Responsibility, in demarcating the boundaries of an attorney's

authority, provides that typically, "in civil cases, it is for the client to decide whether he will accept a settlement offer." Canon 7, EC 7-7. "A lawyer is required to exercise independent professional judgment on behalf of a client and should represent a client zealously within the bounds of the law. See Canons 5 and 7, Code of Professional Responsibility." *State ex rel. Nebraska State Bar Assn. v. Gobel*, 201 Neb. 586, 589, 271 N.W.2d 41, 42 (1978). EC 7-7 also notes that "[i]n certain areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, a lawyer is entitled to make decisions on his own."

In dissolution cases property settlement agreements are highly favored and are binding on the court unless unconscionable. *Dobesh v. Dobesh*, 216 Neb. 196, 342 N.W.2d 669 (1984). Any attorney practicing in the area of family law, such as the defendant, would be well aware of the guidelines set by this court in determining the fairness of a property settlement.

> While there is no precise mathematical formula to be used in determining the fairness of a property division, " ' "[g]enerally speaking, awards in cases of this kind vary from one-third to one-half of the value of the property involved depending upon the facts and circumstances of the particular case." ' " *Martin v. Martin*, 215 Neb. 508, 510, 339 N.W.2d 754, 756 (1983).

*Rockwood v. Rockwood, ante* p. 21, 22, 360 N.W.2d 497, 499 (1985).

In the present case, according to the testimony of the plaintiff's own expert witness, taking into consideration the size of the marital estate, the proposed settlement offer of $25,000 might border on the unconscionable. We find, therefore, that the alleged failure to communicate an offer of settlement in a dissolution action cannot be made the basis of a claimed act of professional negligence absent evidence that the proposed settlement was not unconscionable and would therefore likely have been approved by the district court. See Neb. Rev. Stat. § 42-366 (Reissue 1984).

In regard to the plaintiff's second allegation of professional negligence, he asserts that following the change in ownership of

the property, pursuant to the property settlement agreement reached by the parties, he was of the belief that Patricia could only devise the property upon her death to the parties' three children and that he was entitled to all rentals of the farm while so owned as tenants in common. He further asserts that he had no idea that Patricia could partition the land, until she in fact filed such an action. Smith, therefore, argues that since the present action against the defendant Ganz was commenced within 1 year after his "discovery" of Ganz' alleged malpractice, his action is not barred by the statute of limitations.

As we observed in *Interholzinger v. Estate of Dent, supra*, "Under our law, in the absence of fraud one who signs an instrument without reading it, when he can read and has the opportunity to do so, cannot avoid the effect of his signature merely because he was not informed of the contents of the instrument." 214 Neb. at 271, 333 N.W.2d at 899.

We conclude that appellant knew from the date the property settlement was signed that he was named as an owner of an undivided one-half interest of the real estate. To hold that he was not apprised of facts that would have led him to discover the alleged act of negligence, i.e., to inquire of the rights of a cotenant, is to elevate willful ignorance to a virtue. We see no justification to make an exception from the long held rule that the record claim of ownership is notice to the world to be aware of the claim and to require at one's peril to inform oneself of the extent of that claim.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.