KENNETH GALE REINSCH, APPELLANT AND CROSS-APPELLEE,
V. AVA IRENE REINSCH, APPELLEE AND CROSS-APPELLANT.
611 N.W. 2d 86

Filed May 26, 2000.    No. S-99-137.

David L. Kimble for appellant.

Kathy Pate Knickrehm, and David B. Downing, of Downing, Alexander, Wood & Ilg, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
On February 24, 1998, Ava Irene Reinsch filed a petition to modify upward and extend the termination date of child support being paid by Kenneth Gale Reinsch for the parties' son, Eric Reinsch. The divorce decree entered May 5, 1986, provided, inter alia, that custody was awarded to Ava and that Kenneth was to pay $200 per month child support until Eric reached the age of 18. On January 19, 1999, the district court for Seward County issued an order in which it found a material change in circumstances and increased Kenneth's monthly support obligation, extended the termination of Kenneth's obligation until Eric's 19th birthday, and awarded Ava attorney fees. Kenneth appealed the modification of the age 18 provision and the award of attorney fees to the Nebraska Court of Appeals, and Ava cross-appealed the district

court's failure to make the increase retroactive to the date she filed her application to modify on February 24, 1998.

The Court of Appeals rejected Kenneth's assignments of error but found merit in Ava's cross-appeal and ordered that the increased child support obligation be applied retroactively to March 1, 1998, the first date on which child support was due after Ava filed her petition to modify. *Reinsch v. Reinsch*, 8 Neb. App. 852, 602 N.W.2d 261 (1999). The Court of Appeals affirmed the district court's order as modified. *Id.*

Kenneth petitioned for further review, assigning as his sole error that the Court of Appeals erred in affirming the district court's order extending his child support obligation until Eric's 19th birthday. We granted Kenneth's petition for further review. For the reasons recited below, we affirm the judgment of the Court of Appeals.

## STATEMENT OF FACTS

Kenneth and Ava were married on April 20, 1974. They have one child, Eric, born November 6, 1981. The parties' marriage was dissolved on May 5, 1986. The decree of dissolution incorporated verbatim the parties' property settlement agreement (agreement) dated February 19, 1986. The agreement provided that Ava would have custody of Eric and that Kenneth would pay $200 per month in child support "until the child reaches the age of 18, dies, marries, or becomes emancipated." Ava was not represented by separate counsel. The trial court in the dissolution action found the agreement to be fair, reasonable, and not unconscionable.

Ava filed a petition to modify the decree on February 24, 1998. Trial was held on November 24. After trial, the district court ordered that Kenneth's support obligation be increased to $683 per month and that Kenneth's obligation be extended until Eric reached the age of 19. The court ordered the increased payments to start on January 1, 1999, rather than ordering that the increase be applied retroactively.

Kenneth appealed to the Court of Appeals, assigning as error the district court's (1) extension of his obligation by 1 year; (2) not allowing him to take an income tax deduction for Eric after increasing the support obligation; (3) setting aside the property

settlement agreement and decree without a finding that the agreement was procured by fraud or was unfair and unconscionable; and (4) awarding attorney fees to Ava. Ava cross-appealed the district court's failure to make the increase in child support retroactive to the date she filed her petition to modify.

The Court of Appeals rejected Kenneth's assignments of error but found merit in Ava's cross-appeal. In its decision, the Court of Appeals held that the enactment of Neb. Rev. Stat. § 42-371.01 (Reissue 1998) was a material change of circumstances justifying modification of the duration of the child support award. *Reinsch v. Reinsch, supra.* The Court of Appeals further determined that the district court should have made the increase in child support retroactive to March 1, 1998, the first date on which child support was due after Ava filed her petition to modify. *Id.* The Court of Appeals affirmed the district court's order as modified. *Id.*

Kenneth petitioned for further review. Kenneth's petition was limited to the claim that the Court of Appeals erroneously extended his child support obligation until Eric's 19th birthday. We granted Kenneth's petition for further review.

## ASSIGNMENT OF ERROR

Upon further review, Kenneth asserts the Court of Appeals erred in affirming the district court's order which set aside the property settlement agreement and decree without a finding that the agreement was procured by fraud or was unfair or unconscionable and extended Kenneth's child support obligation by 1 year.

## STANDARD OF REVIEW

Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. *Elsome v. Elsome*, 257 Neb. 889, 601 N.W.2d 537 (1999).

## ANALYSIS

*Standard for Modification of Child Support Order.*

We first address Kenneth's argument, properly rejected by the Court of Appeals, that the district court erred in setting aside the

parties' property settlement agreement with respect to child support without a finding that such agreement was procured by fraud or was unconscionable. Kenneth misstates the standards applicable to this case. The present action is one for a modification of a child support order, which order is subject to a material change of circumstances analysis and is always subject to review and modification, whereas the standards upon which Kenneth relies relate variously to real and personal property and maintenance. Kenneth's first argument on further review is unavailing.

Kenneth relies on Neb. Rev. Stat. § 42-366 (Reissue 1998), and the cases *Prochazka v. Prochazka*, 198 Neb. 525, 253 N.W.2d 407 (1977), and *Klabunde v. Klabunde*, 194 Neb. 681, 234 N.W.2d 837 (1975), in support of his argument that the district court and the Court of Appeals should have analyzed the change of age provision under a fraud or unconscionable analysis. Kenneth's reliance is misplaced.

Section 42-366 provides that the parties to a dissolution of marriage may enter into a written property settlement agreement containing provisions for, among other things, the support and custody of minor children. § 42-366(1). The statute specifically provides that "the terms of the agreement, *except terms providing for the support and custody of minor children*, shall be binding upon the court unless it finds . . . that the agreement is unconscionable." (Emphasis supplied.) § 42-366(2). We further note that child support orders are always subject to review and modification. *Shomaker v. Shomaker*, 183 Neb. 609, 163 N.W.2d 102 (1968). See, also, *Hoover v. Hoover*, 2 Neb. App. 239, 508 N.W.2d 316 (1993).

In applying § 42-366, we have held that if the terms of a property settlement agreement with respect to real and personal property and maintenance are not found unconscionable, the agreement is binding upon the dissolution court and the initial decree must carry such agreement into effect. *Prochazka v. Prochazka, supra.* See, also, *Smith v. Ganz*, 219 Neb. 432, 363 N.W.2d 526 (1985); *Dobesh v. Dobesh*, 216 Neb. 196, 342 N.W.2d 669 (1984); § 42-366(4). We have also held that where a party to a divorce action voluntarily executes a property settlement agreement which is approved by the dissolution court

and incorporated into a divorce decree from which no appeal is taken, provisions dealing with division of real and personal property, division of pension benefits, and division of stock will not thereafter be vacated or modified in the absence of fraud or gross inequity. *Klabunde v. Klabunde, supra.* See, also, *Hoshor v. Hoshor*, 254 Neb. 743, 580 N.W.2d 516 (1998); *Pascale v. Pascale*, 229 Neb. 49, 424 N.W.2d 890 (1988); *Colson v. Colson*, 215 Neb. 452, 339 N.W.2d 280 (1983).

Notwithstanding Kenneth's argument to the contrary, neither the "unconscionable" standard nor the "fraud or gross inequity" standard as utilized in the cases referred to above are applicable to this action involving modification of child support. Instead, we have consistently held that a party seeking to modify a child support order must show a material change in circumstances which has occurred subsequent to the entry of the original decree or a previous modification and was not contemplated when the decree was entered. *Rhoades v. Rhoades*, 258 Neb. 721, 605 N.W.2d 454 (2000). Kenneth's first argument is without merit, and the Court of Appeals did not err in rejecting his argument.

*Extension of Child Support Obligation.*

Kenneth assigns as error the Court of Appeals' affirmance of the district court's order extending his child support obligation. Although we disagree with the Court of Appeals' reasoning, we conclude that the Court of Appeals did not err in affirming the district court's order extending Kenneth's child support to age 19 and accordingly, affirm the decision of the Court of Appeals. *Corcoran v. Lovercheck*, 256 Neb. 936, 943-44, 594 N.W.2d 615, 621 (1999) (noting that "upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which we deem to be correct merely because we may disagree with the reasoning employed by the Court of Appeals").

The district court's order was a modification of a child support order, and as discussed above, a party seeking to modify a child support order must show a material change in circumstances. *Rhoades v. Rhoades, supra.* Thus, Ava was required to show a material change in circumstances which justified modifying the child support order.

With respect to the requested increase in the amount of child support, Ava alleged in her petition to modify that the material changes in circumstances warranting modification of the decree were (1) that Kenneth was "making significantly more income" and Ava was "making more income" than at the time of the decree of May 5, 1986, and (2) that subsequent to the decree, the Nebraska Supreme Court had adopted the Nebraska Child Support Guidelines and that application of such guidelines would result in a variation by 10 percent or more due to financial circumstances which have lasted 3 months and could reasonably be expected to last for an additional 6 months. Ava requested that the decree be amended to increase child support, that Kenneth's support obligation be continued until Eric reached age 19, and that Kenneth be ordered to pay attorney fees and costs. Kenneth admitted Ava's asserted material changes in circumstances with respect to the parties' incomes and asked that the child support guidelines be applied to calculate the amount of child support. However, he opposed the remainder of Ava's petition and asked that it be dismissed.

In the district court's "Journal Entry on Modification," the court ordered that the decree be modified to increase Kenneth's child support obligation to $683 per month. Citing to the public policy of this state that a parent has a duty to support his or her minor or unemancipated child, the district court further ordered that the decree "be modified to reflect that [Kenneth's] child support obligation shall continue until the minor child of the parties becomes 19 years of age." The district court awarded attorney fees to Ava.

The record is clear, and the parties do not dispute, that there was a material change of circumstances justifying modification of the amount of Kenneth's child support obligation. Such modification was justified by the changes in the parties' incomes and by the adoption of the child support guidelines subsequent to the entry of the decree in 1986. See *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991) (holding that adoption of child support guidelines effective October 1, 1987, constituted material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before that date). Once these material changes of

circumstances were demonstrated with respect to the amount of child support, the trial court, which may always review or modify a child support order, see *Shomaker v. Shomaker*, 183 Neb. 609, 163 N.W.2d 102 (1968), was also justified in reassessing the propriety of the duration of Kenneth's child support obligation. The district court was not required to find a separate material change of circumstances specifically relating to duration in order to modify both the amount and duration of Kenneth's child support obligation. In extending Kenneth's child support obligation to age 19, the district court followed the public policy of this state which provides that parents have a duty to support their minor children until they reach majority or are emancipated, *Waldbaum v. Waldbaum*, 171 Neb. 625, 107 N.W.2d 407 (1961), and a parent is not relieved of this duty by virtue of divorce. Accordingly, the district court did not abuse its discretion in extending Kenneth's child support obligation to age 19.

Upon appeal, although neither asserted by Ava in her petition nor cited by the district court, the Court of Appeals determined that the 1997 enactment of § 42-371.01 was a change in circumstances justifying modification of the age 18 provision. Specifically, the Court of Appeals concluded the enactment of § 42-371.01 in 1997 was a material change in circumstances and reasoned that "while the age of majority was 19 when the court first entered the decree, the statutory law has now changed to make child support to age 19 mandatory unless the child is emancipated." *Reinsch v. Reinsch*, 8 Neb. App. 852, 856, 602 N.W.2d 261, 265-66 (1999).

Contrary to the determination by the Court of Appeals, we hold that the enactment of § 42-371.01 in 1997 delineating the circumstances for terminating child support obligations is not tantamount to a material change in circumstances justifying modification of a child support award. Section 42-371.01 merely reflects the principle that a parent has a legal duty to support an unemancipated minor child, see *Waldbaum v. Waldbaum, supra,* and sets forth the circumstances and method for the termination of a child support obligation. Although we disagree with the reasoning employed by the Court of Appeals, we nevertheless conclude that the district court did not abuse its discretion when it found a material change of circumstances that

justified a modification of both the amount and the duration of Kenneth's child support obligation. We therefore conclude that the Court of Appeals did not err in affirming the district court's order extending Kenneth's child support obligation to Eric's 19th birthday.

## CONCLUSION

We conclude that the Court of Appeals erred in holding that the enactment of § 42-371.01 was a material change of circumstances justifying the modification of the child support age provision. However, because the district court did not abuse its discretion in modifying the age 18 provision properly based on a material change of circumstances and the public policy requiring a parent to support his or her minor unemancipated child, the Court of Appeals' affirmance of the extension of the age provision is affirmed. Kenneth did not appeal the district court's order increasing the amount of his child support obligation, nor did he petition for further review of the Court of Appeals' holdings regarding the income tax deduction, the award of attorney fees, or the retroactive application of the modification. Such determinations are therefore affirmed.

Ava has moved for attorney fees both in connection with her appeal to the Court of Appeals and in connection with her opposition to the filing of the petition for further review. Because she was successful before the Court of Appeals and this court, her motions for attorney fees are granted. Based on the affidavits in the record, Ava is awarded $1,200 in connection with her appearance in the Court of Appeals and $420 in connection with her opposition to the filing of the petition for further review before this court.

AFFIRMED.