JIMMY JOE ROOT, BY AND THROUGH HIS FATHER AND NEXT FRIEND, LOYD ROOT, APPELLANT, v. SCHOOL DISTRICT No. 25 OF CUSTER COUNTY ET AL., APPELLEES.

169 N. W. 2d 464

Filed July 11, 1969. No. 37185.

Thomas O. David and Thomas H. Dorwart, for appellant.

William J. Ross, for appellees.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The plaintiff, Jimmy Joe Root, by his father and next friend, brought this action against School District No. 25 of Custer County, the members of its school board, and the superintendent and principal of the schools of the district, to recover damages for personal injuries suffered by Jimmy Joe Root through the alleged negligence of the defendants. A general demurrer was filed to the petition by the school district and the members of the school board. The demurrer was sustained and plaintiff elected to stand on his petition. The trial court thereupon dismissed the action and this appeal resulted.

On or about May 22, 1964, the plaintiff was approximately 17 years of age. On the aforesaid date he was a student attending school in School District No. 25, commonly known as the Broken Bow High School. At about noon on said day, he was walking in the hall of the school building and, as he started down a stairway to the floor below, he was struck from behind by one or more of a group of students using the hall. He fell on the stairs to the landing below, causing the injuries for which damages are sought.

The petition alleges two acts of negligence by the defendants substantially as follows: (1) In failing to provide adequate supervision in the halls of the school building when the defendants knew or should have known that without supervision the students thereof would act in an unruly manner; and (2) in failing to keep the stairway in the school building in proper condition for the safe transportation of pupils therethrough.

It is fundamental that for the purpose of determining the sufficiency of the facts alleged in the petition for damages for negligence to which a demurrer is interposed, the demurrer admits all facts well pleaded, but not those not well pleaded or conclusions of law. An action for negligence is based on a legal duty owed by the defendant to the plaintiff which has been breached by the defendant. In other words, a petition for negli-

gence must allege the facts establishing the duty of the defendant and its breach resulting in the injuries for which damages are sought. Restatement, Torts, Ch. 1, § 4, p. 9. See, also, Lownes v. Furman, 161 Neb. 57, 71 N. W. 2d 661.

But where the petition contains a general charge of negligence and the defendant does not move for a more specific allegation of the facts, the petition is not subject to demurrer for failure to allege specific acts of negligence. Bunselmeyer v. Hill, 179 Neb. 140, 137 N. W. 2d 354; Behrens v. Gottula, 160 Neb. 103, 69 N. W. 2d 384.

Defendants urge that no liability exists against the school district under the doctrine of governmental immunity. This court has prospectively abrogated the doctrine of immunity in certain types and classes of cases. In Johnson v. Municipal University of Omaha, *ante* p. 512, 169 N. W. 2d 286, this court said with respect to the abrogation of the immunity doctrine: "This court has adopted a course of reexaminatoin and gradual transition, rather than sweeping and complete abrogation. The court's processes and procedures are more effectively directed to the pattern of solution embodied in the process of inclusion and exclusion, case by case, and step by step. The legislative processes and procedures can be more effectively applied to a comprehensive solution."

The plaintiff in the case before us sustained his claimed injuries on May 22, 1964. His injuries are claimed to be due to lack of supervision of the student body and an alleged defect in a stairway in no manner described. The nature of the alleged negligence falls within the type or class of cases described in the Municipal University of Omaha case wherein it is said: "We now hold that cities, counties, and all other governmental subdivisions, and local public entities of this state, including municipal universities, are not immune from tort liability arising out of a physical condition, affirmatively

and voluntarily created by the public body on its premises, where the existence of the condition is not reasonably visible or apparent, or where the condition constitutes an unreasonable risk of harm to persons authorized to use and reasonably using the premises for the purposes intended."

This court holds that the general application of the rule of tort liability is prospective in its application. The court, in the Municipal University of Omaha case, said: "This holding applies to all causes of action arising after a date one month following the filing date of this opinion," which date is July 21, 1969. The case before us arose on May 22, 1964, more than 5 years before the effective date of the rule announced in the Municipal University of Omaha case.

We necessarily hold for the foregoing reasons that School District No. 25 was not liable for its negligence or that of its employees on May 22, 1964. The demurrer to the petition was therefore properly sustained and the judgment of the district court is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.