## SOUTHWEST BANK OF OMAHA,
### A NEBRASKA BANKING CORPORATION, APPELLEE, V.
### BARBARA A. HERTING, APPELLANT.

303 N.W.2d 504

Filed March 20, 1981. No. 43207.

George A. Thompson of Robinson, Thompson & Hovey for appellant.

Michael A. Nelsen of Schmid, Ford, Mooney & Frederick for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and COADY, District Judge.

COADY, District Judge.

The corporate plaintiff, Southwest Bank of Omaha, filed a petition alleging that the defendant, Barbara Herting, made and delivered to the bank a written loan guaranty whereby she promised to pay part of a loan made by plaintiff to another corporation, Mid-Con, Inc., in the event that Mid-Con, Inc., failed to pay. In answer thereto, the defendant denied some of the plaintiff's allegations and alleged that she had two negligence actions in defense. In substance, she pointed out that a security interest in certain property worth $22,000 had been given the plaintiff by Mid-Con; that the assets were then listed in an action in the U. S. District Court by Mid-Con, Inc., which had filed bankruptcy proceedings; and that the assets were sold, with the negligent consent of plaintiff, for

$4,000 rather than for their full value and to her detriment. The defendant's second defense, in substance, was that the bankruptcy court assigned certain accounts receivable of Mid-Con to plaintiff and that plaintiff has failed and refused to collect them.

In response thereto, the plaintiff filed a demurrer under Neb. Rev. Stat. § 25-820 (Reissue 1979) to the pleading of negligent consent. The plaintiff also filed a motion to strike the pleading of the alleged failure to collect accounts receivable. After a hearing thereon, the trial court granted both the demurrer and the motion to strike. Thereafter, defendant elected to stand upon the pleadings, the plaintiff filed a motion for summary judgment, a hearing was had, and the trial court granted summary judgment against the defendant. The defendant appealed, and we reverse.

It is fundamental that for the purpose of determining the sufficiency of the facts alleged in the answer for damages or setoff for negligence to which a demurrer is interposed, the demurrer admit all facts well pleaded, but not those not well pleaded or conclusions of law. An action for negligence is based on a legal duty owed by the plaintiff herein to the defendant which has been breached by the plaintiff. *Root v. School Dist. No. 25*, 184 Neb. 570, 169 N.W.2d 464 (1969).

It is difficult to make liability arise from tortious acts if the liability really and originally arises from contract. The duty of plaintiff is not discussed in plaintiff's brief, but the defendant, in her brief, relies on the case of *Custom Leasing, Inc. v. Carlson Stapler & Shippers Supply, Inc.*, 195 Neb. 292, 298, 237 N.W.2d 645, 649 (1976), wherein it is stated: "The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and . . . the [guarantor's] obligation is reduced pro tanto if the creditor (a) surrenders or releases the security, or (b) wilfully or negligently harms it, or (c) fails to take reasonable

action to preserve its value at a time when the [guarantor] does not have an opportunity to take such action." Assuming that case sets forth the duties of a creditor to his guarantor, an inspection of the amended answer discloses no facts or inferences from well-pleaded facts which state a cause of action. The natural inferences from her pleading indicate that the bankruptcy court had control of the security rather than plaintiff. But the deciding thing is that the pleading merely relates to a consent to a court sale rather than (a) surrender or release of the security and (c) avoids any inference whatsoever that plaintiff failed to take reasonable action to preserve its value at a time when the guarantor did not have an opportunity to protect her right of subrogation. Because the defendant had neither pleaded an action in accordance with her own proffered legal authority nor pleaded any duty contained in the terms of the written guaranty itself, we decline to now overrule plaintiff's demurrer.

In pleading her second defense of negligence, the defendant set out five specific accounts receivable, together with the following words: "That the Plaintiff was assigned the accounts receivable of the Principal Debtor [Mid-Con, Inc.] above listed and has failed and refused to take timely action to collect the same and to reduce the debt of the Principal Debtor all to the detriment of the Defendant." These allegations were not demurred to, but were attacked by a motion to strike under Neb. Rev. Stat. § 25-833 (Reissue 1979), and plaintiff asks that these words be declared scandalous. True or not, the words are relevant, not scandalous, and the reader should note, at this point, that it is never wise to ask for something without being fully aware that you may just get what you ask for. *State ex rel. Beck v. Associates Discount Corp.*, 162 Neb. 683, 77 N.W.2d 215 (1956).

We have examined the bill of exceptions made up as a result of the hearing on the motion for summary

judgment. While it might be strongly argued that the bill shows that there is no genuine issue of fact or law between the parties as to the defense of negligence by consent, we need not decide that because of our ruling sustaining the demurrer. On the other hand, said bill of exceptions contains no evidence in regard to the defense of negligent collections which was never properly stricken or demurred to.

Therefore, the judgment is reversed and the cause remanded to the trial court for further proceedings.

REVERSED AND REMANDED.