CITY STATE BANK, A BANKING CORPORATION, APPELLEE, V.
RONALD R. HOLSTINE, APPELLANT.
618 N.W. 2d 704

Filed October 27, 2000.   No. S-99-855.

O. William VonSeggern, of Grimminger & VonSeggern, and William R. Rapson for appellant.

David A. Jarecke and William R. Kutilek, of Crosby, Guenzel, Davis, Kessner & Kuester, and Ted S. Griess, of Baird & Griess, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In this appeal, Ronald R. Holstine claims that the district court for Clay County erred in granting summary judgment in favor of City State Bank (the Bank) on the Bank's petition for judgment on a promissory note cosigned by Holstine. As Holstine's assignment of error, he asserts that summary judgment was improper because there remain genuine issues of material fact raised by the various affirmative defenses that he alleged in his amended answer. We reverse, and remand for further proceedings.

## STATEMENT OF FACTS

On November 13, 1995, Holstine cosigned a promissory note made by William B. Gorman in favor of the Bank. Gorman was engaged in a partnership with Rodney Glantz. The note showed the amount financed was $113,543.21, with monthly payments of $2,000.45, beginning January 15, 1996, and a maturity date of July 15, 2002. The amount financed consisted of a loan of $100,000 plus $13,543.21 of premiums for credit life insurance and credit disability insurance which were requested by Gorman. The note was secured by two 1985 Peterbilt trucks.

On May 21, 1996, the Bank filed a petition in the district court for Clay County against Holstine alleging that no payments had been made by Holstine or any other party on the note and that therefore the note was in default and the entire indebt-

edness was due and payable. A copy of the note was attached to the Bank's petition. The Bank prayed for judgment against Holstine in the amount of $114,485.69, which it alleged was the amount then due on the note plus statutory interest from May 4, 1996.

Holstine filed an amended answer on July 7, 1997, in which he admitted that he had cosigned the note on November 13, 1995. Holstine, however, alleged various "affirmative defenses." He alleged (1) that the note was without consideration; (2) that the obligation was materially changed or altered by the Bank because the Bank failed to obtain the required amounts of credit life insurance and credit disability insurance on Gorman or any credit life or disability insurance on Holstine; (3) that the Bank failed to give Holstine notice that the required insurance was not obtained; (4) that the note indicated the existence of a purchase money security interest, the Bank failed to obtain a purchase money security interest, and such indication on the note represented a material misrepresentation to Holstine; (5) that the Bank made fraudulent misrepresentations in order to fraudulently induce Holstine to cosign the note; and (6) that the Bank fraudulently conspired with Glantz in making the misrepresentations that fraudulently induced Holstine to cosign the note.

As part of the affirmative defense of fraudulent misrepresentation, Holstine alleged generally that the Bank made false representations to induce him into cosigning the note and that he believed the representations to be true and relied on such representations. Holstine specifically alleged that the Bank made the following misrepresentations: (1) stated the proceeds of the loan would be paid to creditors of the Gorman-Glantz partnership when the Bank knew the proceeds would go to Glantz, who would in turn pay the proceeds to the Bank; (2) stated the purpose of the loan was to assist the Gorman-Glantz partnership when the loan was in fact designed to minimize the Bank's problems with state bank examiners resulting from its level of loans to Glantz; (3) failed to disclose the deterioration of the relationship between Gorman and Glantz while representing the purpose of the loan was to assist their partnership; (4) failed to disclose that the sole purpose of the note was to make Holstine liable for the Gorman-Glantz partnership's debt to the Bank; (5)

failed to disclose that the Gorman-Glantz partnership was unable to borrow additional money from the Bank; and (6) stated to Holstine that he would never be held liable on the note and that his cosigning would merely assist the Bank and the Gorman-Glantz partnership.

The Bank replied to Holstine's amended answer by generally denying his allegations and specifically denying, inter alia, that there were any material misrepresentations made to Holstine. We note, however, that the Bank did not demur to, move to strike, or otherwise reduce or eliminate Holstine's purported affirmative defenses. See, generally, *Southwest Bank of Omaha v. Herting*, 208 Neb. 347, 303 N.W.2d 504 (1981).

On September 18, 1998, the Bank moved for summary judgment. A hearing on the Bank's motion for summary judgment was held September 28. According to the bill of exceptions, the Bank offered seven exhibits which were marked and received into evidence at the hearing. The Bank's exhibits are numbered 8 to 14. Holstine stated that he intended to offer certain affidavits and depositions in opposition to the Bank's motion for summary judgment and asked the district court for additional time in which to submit such exhibits. The court granted Holstine 15 days to submit his evidence. The parties have stipulated that Holstine mailed one exhibit to the district court on October 14 and mailed three additional exhibits to the district court between October 23, 1998, and January 13, 1999.

On December 1, 1998, the district court signed an order in which it found there was no genuine issue as to any material fact and concluded that the Bank was entitled to judgment as a matter of law. The district court determined that Holstine owed the Bank $144,242.56 plus interest from August 20, 1998, until entry of judgment. The original order was mistakenly mailed to the Bank's counsel, and the order was not entered on the court's docket until January 15, 1999.

Holstine moved for new trial on January 25, 1999. A hearing on the motion for new trial was held April 15. This hearing was conducted before a different judge than the judge who had ruled on the motion for summary judgment. Holstine's exhibits in opposition to the Bank's motion for summary judgment were marked by the district court clerk at the hearing on Holstine's

motion for new trial. The district court overruled Holstine's motion for new trial on July 7. Holstine appeals.

## ASSIGNMENT OF ERROR
Holstine asserts that the district court erred in granting summary judgment in favor of the Bank because genuine issues of material fact remained regarding Holstine's affirmative defenses.

## STANDARDS OF REVIEW
■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Keller v. Bones*, 260 Neb. 202, 615 N.W.2d 883 (2000).

■ The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Huff v. Swartz*, 258 Neb. 820, 606 N.W.2d 461 (2000). A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to judgment in its favor if the evidence were uncontroverted at trial. *Nebraska Popcorn v. Wing*, 258 Neb. 60, 602 N.W.2d 18 (1999).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *O'Connor v. Kaufman*, 260 Neb. 219, 616 N.W.2d 301 (2000).

## ANALYSIS
We have reviewed the record on appeal and note in general that the bill of exceptions on appeal is deficient in certain respects. The bill of exceptions originally filed with this court contained no record of the proceedings of either the hearing on the motion for summary judgment held September 28, 1998, or the hearing on the motion for new trial held April 15, 1999. During the pendency of this appeal, the parties agreed to supplement the bill of exceptions by submitting a transcription of

the dialog of the proceedings from the September 28, 1998, hearing. No transcription of the dialog of the April 15, 1999, hearing was submitted. The parties also filed a stipulation in this court stating that Holstine had mailed his exhibits to the court on various dates from October 14, 1998, to January 13, 1999.

From the dialog contained in the bill of exceptions of the September 28, 1998, hearing, it is clear that at the hearing the district court received in evidence only exhibits 8 through 14 offered by the Bank in support of its motion for summary judgment. It is also clear that Holstine did not timely offer evidence in opposition to the motion for summary judgment. Our review therefore is confined to a determination of whether the Bank's exhibits 8 through 14, together with the pleadings, support the district court's grant of summary judgment in the Bank's favor.

On appeal, the Bank argues that its evidence received at the hearing on its motion for summary judgment established its entitlement to judgment as a matter of law. We disagree.

At the hearing on summary judgment, the district court received seven exhibits offered by the Bank in support of its motion. The Bank's exhibits consisted of a copy of the note, a copy of the security agreement, a copy of Gorman's application for credit life and credit disability insurance, a copy of correspondence from the insurance company to the Bank regarding the insurance company's disposition of Gorman's application, a copy of correspondence from the Bank to Gorman regarding the insurance company's disposition of Gorman's insurance application, and the affidavits of the Bank's president and vice president.

The Bank's evidence demonstrated the existence of the promissory note, that Holstine had cosigned the note, and that no payments had been made on the note. In addition, the Bank's evidence tended to refute Holstine's allegations that the Bank failed to take steps to obtain credit life and credit disability insurance on Gorman. The Bank's exhibits, however, contained no evidence regarding Holstine's remaining allegations denominated as "affirmative defenses."

We have held:

[T]he primary purpose of the summary judgment procedure is to pierce the allegations made in the pleadings and

show conclusively that the controlling facts are other than as pled, and thus resolve, without the expense and delay of trial, those cases where there exists no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom, and where the moving party is entitled to judgment as a matter of law. . . . Since the party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists, that party must therefore produce enough evidence to demonstrate his entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. . . . If a genuine issue of fact exists, summary judgment may not properly be entered.

(Citations omitted.) *Moore v. American Charter Fed. Sav. & Loan Assn.*, 219 Neb. 793, 794, 366 N.W.2d 436, 437 (1985). See, also, *Cass Constr. Co. v. Brennan*, 222 Neb. 69, 382 N.W.2d 313 (1986).

■ In this case, the petition sought judgment on a promissory note, and the amended answer raised numerous purported affirmative defenses which were denied by the Bank. The issues in this case were thus framed by those pleadings. See *Sherrets, Smith v. MJ Optical, Inc.*, 259 Neb. 424, 610 N.W.2d 413 (2000). In order for the Bank to succeed on its motion for summary judgment, it was required to produce evidence of the promissory note on which Holstine was a cosigner and a default thereon. Given the posture of the case, it was also required to produce evidence which demonstrated that there were no genuine issues of material fact regarding Holstine's cognizable affirmative defenses and that it was entitled to judgment as a matter of law. *Moore v. American Charter Fed. Sav. & Loan Assn., supra.*

Because the Bank produced no evidence regarding the material factual allegations set forth in certain of Holstine's purported affirmative defenses, it failed to meet its initial burden as the party moving for summary judgment to produce evidence which, if uncontroverted, would entitle it to judgment as a matter of law. See, generally, *Nebraska Popcorn v. Wing*, 258 Neb. 60, 602 N.W.2d 18 (1999); *Cass Constr. Co. v. Brennan, supra.*

Because the Bank failed to produce enough evidence to demonstrate its entitlement to a judgment, the burden did not shift to Holstine to produce contrary evidence. See *Moore v. American Charter Fed. Sav. & Loan Assn., supra.*

Given the pleadings and viewing the evidence in a light most favorable to Holstine, the party against whom summary judgment was granted, we conclude that there remain genuine issues of material fact with respect to the cognizable affirmative defenses raised by Holstine and that the Bank did not demonstrate it was entitled to judgment as a matter of law. Accordingly, we conclude that the district court erred in granting summary judgment in the Bank's favor.

## CONCLUSION

We conclude that the Bank failed to show that no genuine issues of material fact existed regarding the affirmative defenses pled by Holstine and that therefore, the district court erred in granting summary judgment in favor of the Bank. We reverse the judgment of the district court granting summary judgment in favor of the Bank and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.