LENORA RUSH, LEGAL GUARDIAN OF THEODORE BLAND, JR., AN INCAPACITATED PERSON, APPELLANT, V. WILLIAM D. WILDER, INDIVIDUALLY, AND DOUGLAS COUNTY, NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEES.

644 N.W.2d 151

Filed May 24, 2002. No. S-00-929.

D.C. Bradford and James R. Welsh, of Bradford, Coenen & Welsh, for appellant.

Joseph S. Daly, Kelly K. Brandon, and P. Shawn McCann, of Sodoro, Daly & Sodoro, for appellee Douglas County.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Lenora Rush, legal guardian of Theodore Bland, Jr., sued Douglas County for injuries Bland suffered while incarcerated by Douglas County. The district court entered summary judgment for Douglas County, but the Nebraska Court of Appeals reversed the judgment of the district court. Because Douglas County's evidence did not establish a prima facie case for summary judgment, we affirm the judgment of the Court of Appeals.

## BACKGROUND

Rush filed a petition alleging that on June 24, 1996, while Bland was an inmate at the Douglas County correctional facility, William D. Wilder, another inmate, assaulted Bland with a food tray and caused Bland to suffer a traumatic brain injury. Rush's petition alleged causes of action against Wilder for assault and against Douglas County for depriving Bland of his "right . . . to timely and appropriate medical care while in the custody of the defendant, Douglas County, under the Fourth and Fourteenth Amendments to the Constitution of the United States."

Douglas County filed a motion for summary judgment supported by the affidavit of Robert N. Brown, M.D., a physician employed by Douglas County who treated Bland during Bland's incarceration. Brown averred that he had reviewed the records of Douglas County's treatment of Bland, and based on that review of the record, as well as his own knowledge of the care given to Bland, Brown opined that all the employees of Douglas County met the relevant standard of medical care. The affidavit of Rush's expert witness, a professor of criminal justice, was rejected as a discovery sanction. The district court determined that without expert testimony for Rush, there was no issue of material fact, and entered summary judgment for Douglas County.

Rush appealed, arguing that the district court erred in requiring her to produce an expert witness and in striking the affidavit

of her expert witness. The Court of Appeals reversed the summary judgment, determining that Rush's petition was not intended to state a cause of action for medical malpractice, but instead stated a cause of action for simple negligence. See *Rush v. Wilder*, No. A-00-929, 2001 WL 1643585 (Neb. App. Dec. 26, 2001) (not designated for permanent publication). The Court of Appeals determined that the negligence of corrections officers did not require expert testimony to establish a case and, therefore, that the district court had erred in entering summary judgment. See *id.* The Court of Appeals reversed the decision and remanded the cause for a new trial, without reaching the question whether the district court erred in striking the affidavit of Rush's expert witness. See *id.* Douglas County filed a petition for further review, which we granted.

## ASSIGNMENT OF ERROR

Douglas County assigns, as consolidated and restated, that the Court of Appeals erred in determining that Rush was not required to produce expert medical testimony to rebut Douglas County's prima facie showing for summary judgment.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *McCarson v. McCarson, ante* p. 534, 641 N.W.2d 62 (2002). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Id.*

## ANALYSIS

Initially, we note that Rush's petition pleads two causes of action, the first of which is a cause of action against Wilder. The record on appeal does not reflect any proceedings with respect to Rush's claim against Wilder. At oral argument, Rush's counsel stated that the cause of action against Wilder had been dismissed for failure to serve process. Moreover, the district court's order of summary judgment dismisses Rush's petition in its entirety, and

Rush does not assign any error with respect to the apparent dismissal of the assault cause of action. Absent any other suggestion that the order appealed from is not a final order, we conclude that we have jurisdiction over the instant appeal.

### NATURE OF RUSH'S CAUSE OF ACTION

The primary dispute between the parties relates to the appropriate characterization of Rush's second cause of action. On appeal, Rush characterizes this claim as one of simple negligence on the part of Douglas County. Douglas County claims that the cause of action involves medical malpractice and constitutional claims, thus requiring Rush to produce expert testimony in response to Douglas County's motion for summary judgment. The Court of Appeals adopted Rush's position in reversing the district court judgment.

The issues in a case are framed by the pleadings. *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000). An appellate court is obligated to dispose of cases on the basis of the theory presented by the pleadings. See, *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994); *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993). Rush's petition, in relevant part, alleges the following:

11. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of U.S.C. § 1983.

12. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343. Each and all of the acts of defendant, Douglas County, alleged herein, were done by defendant, Douglas County, under the color of the statutes, ordinances, regulations, customs and usages of the State of Nebraska, by and through its agents, employees and/or representations while acting in the course of their employment, agency and/or representation of defendant, Douglas County.

13. That the defendant, William D. Wilder, intentionally and forcibly struck Theodore Bland Jr., across the head with a food tray, without justification or cause, with the intent to inflict unnecessary harm upon the plaintiff. Such

use of force caused physical and mental injuries to Theodore Bland Jr., as described in more detail below.

14. That the defendant, Douglas County, by and through its agents, employees and/or representatives, failed and/or refused to make available to Theodore Bland Jr. medical treatment for injuries sustained as a result of the assault for a period from 11:30 A.M. until 7:30 P.M., at which time Theodore Bland Jr. was taken to St. Joseph Hospital wherein he underwent emergency medical treatment for traumatic brain injury.

15. That the conduct of the defendant, Douglas County, by and through its agents, employees and/or representatives, while acting in the scope of their employment with the defendant, deprived Theodore Bland Jr. of the following rights, privileges, and immunities given to him by the Constitution of the United States:

a. The right of Theodore Bland to timely and appropriate medical care while in the custody of the defendant, Douglas County, under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b. The acts, conducts and behavior of the defendant, Douglas County, by and through its agents, employees and/or representatives, were performed knowingly, intentionally and maliciously, by reason of which plaintiff is entitled to punitive damages in the sum of $1,000,000.

Based on our reading of Rush's petition, as set forth above, we agree with Douglas County insofar as it argues that the Court of Appeals erred in characterizing Rush's cause of action against Douglas County as simple negligence. Rush's petition clearly sets forth a single cause of action against Douglas County, brought under 42 U.S.C. § 1983 (1994): the failure to provide Bland with adequate medical care in violation of the Constitution of the United States. At oral argument, the parties agreed that the petition sets forth a cause of action under § 1983. In order to state a cause of action under § 1983, a plaintiff must allege facts establishing conduct by a person acting under color of state law which deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Claypool v. Hibberd*, 261 Neb. 818, 626 N.W.2d 539 (2001).

██ Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. See *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. *Estelle, supra.* A prison official cannot be found liable under the Eighth Amendment for failure to attend to a prisoner's medical needs unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. See, *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

██ Allegations of deliberate indifference to a prisoner's medical needs are generally analyzed pursuant to the 8th Amendment, applied to the states through the Due Process Clause of the 14th Amendment. See, generally, *Wilson, supra.* While Rush's petition variously invokes the 4th, 6th, and 14th Amendments, Rush's complaint is more accurately characterized as a claim pursuant to *Estelle, supra.* See *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir. 2001). We also note that the record does not reflect the reason for Bland's incarceration. While a convicted prisoner's claim alleging inadequate medical care is brought under the Eighth Amendment, a pretrial detainee's claim alleging inadequate medical care is a due process claim. See *Chavez v. Cady*, 207 F.3d 901 (7th Cir. 2000), citing *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). In general, however, the claims are analyzed in the same manner, guided by the propositions of law set forth above. See *id.* Thus, the analysis to be conducted would be the same regardless of whether Bland's claim is brought under the 8th or 14th Amendments. See *Chavez, supra.*

## NEED FOR EXPERT TESTIMONY

Based on this understanding of Rush's cause of action, Douglas County argues that Rush is required to prove her claim with expert medical testimony. We need not, however, consider so expansive a rule in the context of the present case. The question presented to us is not whether all cases of deliberate indifference to a prisoner's medical needs require substantiation by expert medical testimony, but simply whether Rush was, in this case, required to present expert opinion testimony to respond to Brown's affidavit supporting Douglas County's motion for summary judgment.

Since the party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists, that party must therefore produce enough evidence to demonstrate his or her entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000). In the absence of a prima facie showing by the movant that he or she is entitled to summary judgment, the opposing party is not required to reveal evidence which he or she expects to produce at trial to prove the allegations contained in his or her petition. *Fackler v. Genetzky*, 257 Neb. 130, 595 N.W.2d 884 (1999).

The only exhibits received in evidence by the district court in support of Douglas County's motion for summary judgment were Brown's affidavit and Rush's responses to interrogatories. The responses to interrogatories contain no admissions that are relevant to this issue. Brown's affidavit, as relevant, states the following:

> [Y]our affiant has reviewed the Douglas County Department of Corrections' medical record concerning the care and treatment of Mr. Bland, and based upon his review of the record, his knowledge of the medical care given to Mr. Bland, and his training, education and experience as a medical doctor, he is of the opinion that he and all of the employees of Douglas County, Nebraska, met the standard of medical care applicable in Omaha, Douglas County, Nebraska, or similar communities under similar circumstances at all times material herein.

If this case presented a medical malpractice cause of action, Brown's affidavit might suffice to establish a prima facie case for summary judgment. See, generally, *Boyle v. Welsh*, 256 Neb. 118, 589 N.W.2d 118 (1999). However, Rush's petition in this case does not allege that the quality of medical care eventually provided by Douglas County was inadequate; rather, Rush alleges that Douglas County did not make timely medical care available at all. One type of deliberate indifference is evidenced when prison officials prevent an inmate from receiving treatment or deny the inmate access to medical personnel capable of evaluating the need for treatment. *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir. 2001).

Brown's affidavit does not sufficiently controvert this allegation. Taken in the light most favorable to Douglas County, Brown's affidavit, as quoted above, could be read to infer that all of Douglas County's employees provided timely and appropriate medical care. However, in reviewing a summary judgment against Rush, we view the evidence in the light most favorable to Rush and give Rush the benefit of all reasonable inferences deducible from the evidence. See *McCarson v. McCarson, ante* p. 534, 641 N.W.2d 62 (2002). Brown's affidavit states that his opinion was based on his review of Bland's medical records and Brown's own knowledge of the medical care given to Bland. While this would establish that the medical care eventually provided to Bland was appropriate, taken in the light most favorable to Rush, Brown's affidavit does not establish that Douglas County made medical care available to Bland in a timely fashion.

This is particularly so because the record does not contain any of Bland's medical records, nor does it contain any depositions, affidavits, or other testimony describing what happened to Bland on June 24, 1996, or how Douglas County responded to Wilder's assault of Bland. We conclude that a review of such records is required before a determination is made against Rush in this case. See *Smith v. Jenkins*, 919 F.2d 90 (8th Cir. 1990). Whether a prison official had the requisite knowledge of a substantial risk to an inmate's health is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. See *Oxendine, supra.* The record in this case sets forth none of the circumstances surrounding Bland's

injuries. The primary purpose of the summary judgment procedure is to pierce the allegations made in the pleadings and show conclusively that the controlling facts are other than as pled. See *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000). The evidence presented by Douglas County, taken in the light most favorable to Rush, does not pierce the allegations made in Rush's pleadings and does not establish that Douglas County is entitled to summary judgment.

Rush argued before the Court of Appeals that the district court erred in refusing to accept the affidavit of her expert witness, a professor of criminal justice. The Court of Appeals did not reach this assignment of error, nor do we, as we conclude, albeit for reasons different from those of the Court of Appeals, that Rush was not required to present expert testimony to rebut the evidence offered by Douglas County. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Crawford v. Crawford, ante* p. 37, 638 N.W.2d 505 (2002).

We note, in passing, that Rush's second cause of action is directed solely at Douglas County, and not at any employees of Douglas County in their individual capacities. Rush, however, did not allege that Douglas County's treatment of Bland was pursuant to any policy or custom of Douglas County. A local government cannot be held liable under § 1983 solely because of injury inflicted by its employees or agents; rather, it can be liable only when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Claypool v. Hibberd*, 261 Neb. 818, 626 N.W.2d 539 (2001), citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, Rush's petition in its current form may not state a cause of action against Douglas County, the only defendant in her second cause of action. However, since this defect could have been remedied, if raised, by amendment of the pleadings, it is not plain error and does not affect our disposition of the appeal.

## CONCLUSION
Douglas County did not establish a prima facie case for summary judgment; thus, Rush was not required to present

evidence to rebut Douglas County's evidence in support of its motion for summary judgment. Upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals. See *Reinsch v. Reinsch*, 259 Neb. 564, 611 N.W.2d 86 (2000). For reasons different from those stated by the Court of Appeals, we conclude that the summary judgment entered by the district court should be reversed, and we affirm the judgment of the Court of Appeals to that effect.

AFFIRMED.