Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/17/2018 09:10 AM CDT

- 784 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

AMERICAN EXPRESS CENTURION BANK,
APPELLEE, v. R.D. SCHEER, ALSO KNOWN
AS RONALD D. SCHEER, APPELLANT.

___ N.W.2d ___

Filed April 17, 2018.    No. A-17-219.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Proof.** A party moving for summary judgment makes a prima facie case for summary judgment by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial.

3. ____: ____. Once the party moving for summary judgment makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law.

4. **Debtors and Creditors: Words and Phrases.** An account stated is an agreement between persons who have had previous dealings determining the amount due by reason of such transactions.

5. **Actions: Debtors and Creditors.** An account stated creates a new cause of action in which pleading and proof of the original items of indebtedness are unnecessary.

6. **Debtors and Creditors.** The creditor in a valid account stated may recover thereon without pleading and proving the original items of the indebtedness.

7. **Debtors and Creditors: Proof.** The failure to object to an account stated is admissible in evidence as tending to prove an acknowledgment of its correctness; proof of an express promise to pay is not required.

8. **Debtors and Creditors.** An account stated is not subject to the usual defenses attacking the original items of indebtedness, but is subject to the defenses of usury, fraud, and mistake.

- 785 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

9. **Appeal and Error.** Errors that are assigned but not argued will not be addressed by an appellate court.

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Affirmed.

Hugh I. Abrahamson, of Abrahamson Law Office, for appellant.

Sara E. Bauer and Shawn D. Flint, of Gurstel Law Firm, P.C., for appellee.

Moore, Chief Judge, and Riedmann, Judge, and Inbody, Judge, Retired.

Riedmann, Judge.

## INTRODUCTION

R.D. Scheer, also known as Ronald D. Scheer, appeals from an order of the district court for Douglas County granting summary judgment in favor of American Express Centurion Bank (American Express) and ordering Scheer to pay American Express the sum of $72,197.11. Because no genuine issue of material fact exists as to an account stated, we affirm.

## BACKGROUND

American Express filed a complaint against Scheer alleging that it had issued three credit card accounts to Scheer and extended credit to him. According to the complaint, Scheer used the credit cards to make purchases but failed to pay the amounts owed, leaving balances due totaling $72,197.11. Each of the first three counts sought recovery for breach of the credit card contracts, and the fourth count sought recovery on an account stated. Scheer filed an answer and asserted 17 affirmative defenses, the majority of which were directed to the breach of contract claim. As to the account stated, Scheer asserted that he was charged a usurious interest rate, the balances were inaccurate, American Express failed to attach an itemization of the accounts from their start date, and American Express defrauded him.

- 786 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

American Express then filed a motion for summary judgment. At the hearing on the motion, American Express offered into evidence three affidavits establishing the history and the outstanding balance for each credit card account. Each affidavit stated that American Express mailed monthly billing statements to Scheer and that he never asserted "a valid unresolved objection" to the balance shown as due and owing. The final billing statement for each account was attached to the affidavits. The affidavits and attachments were received into evidence without objection from Scheer. Scheer did not offer any evidence at the hearing.

In a subsequent written order, the district court determined that American Express made a prima facie case for summary judgment and that Scheer produced no contrary evidence showing the existence of a material issue of fact. Therefore, the court granted American Express' motion for summary judgment and entered judgment against Scheer in the amount of $72,197.11. Scheer subsequently filed a motion for reconsideration, which was denied. Scheer now appeals to this court.

## ASSIGNMENTS OF ERROR

Scheer assigns that the district court erred in granting American Express' motion for summary judgment and in denying his motion for reconsideration.

## STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

## ANALYSIS

Scheer argues that the district court erred in granting American Express' motion for summary judgment because

- 787 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

"there are two very cogent fact issues" that should have pre-cluded summary judgment. Brief for appellant at 5. It appears both issues relate to the amount American Express claims is due. Scheer contends that questions regarding the underlying purchases, amounts paid by him, and the amount of inter-est charged need to be resolved before awarding judgment to American Express. He also asserts the amount American Express is seeking is not its actual damages because it may have taken a "tax write off" and therefore should be prevented from recovering more than its actual damages. *Id.* at 8. For the reasons set forth below, we conclude that the pleadings and the evidence presented at the summary judgment hear-ing show that no genuine issue of material fact exists as to American Express' entitlement to judgment on its account stated claim.

Neb. Rev. Stat. § 25-1332 (Reissue 2016) provides in part that a motion for summary judgment shall be granted "if the pleadings and the evidence admitted at the hearing show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."

[2,3] A party moving for summary judgment makes a prima facie case for summary judgment by producing enough evi-dence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. *Sulu v. Magana, supra*. Once the moving party makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id*.

In its claim for an account stated, American Express alleged that it rendered to Scheer accurate invoices and/or statements of the transactions between the parties, that the invoices and/or statements were received by Scheer, and that Scheer failed to object to any item on the statements within a reasonable period of time. At the hearing on the motion for summary judgment, American Express offered into evidence

- 788 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

three affidavits from its assistant custodian of records. In each affidavit, the affiant stated that based upon his personal knowledge and the company's business records, "American Express sends or otherwise makes available monthly billing statements to cardmembers who carry a balance or are otherwise required to receive a monthly statement." The affiant further stated that American Express "transmitted monthly billing statements" to Scheer and that "[t]here is no record of [him] ever asserting a valid unresolved objection to the balance shown as due and owing on the monthly statements provided . . . ." Finally, the affiant asserted that due to non-payment, the accounts were closed, and that after giving credit for all payments made, the attached invoices reflected the ending balance owed on each account. The attached invoices were in the amounts of $16,088.84, $18,002.08, and $38,106.19 for a total of $72,197.11. Scheer presented no evidence to rebut these facts.

[4-7] An "account stated" is an agreement between persons who have had previous dealings determining the amount due by reason of such transactions. *Sherrets, Smith v. MJ Optical, Inc.*, 259 Neb. 424, 610 N.W.2d 413 (2000). An account stated creates a new cause of action in which pleading and proof of the original items of indebtedness are unnecessary. The creditor in a valid account stated may recover thereon without pleading and proving the original items of the indebtedness. *In re Estate of Black*, 125 Neb. 75, 249 N.W. 84 (1933). The failure to object to an account stated is admissible in evidence as tending to prove an acknowledgment of its correctness. Proof of an express promise to pay is not required. *John Deere Co. of Moline v. Ramacciotti Equip. Co.*, 181 Neb. 273, 147 N.W.2d 765 (1967).

Although Scheer alleged in his answer that the amount claimed was in error, the evidence offered and received at the hearing was that monthly statements had been sent to Scheer and that he had not asserted a valid unresolved objection. We note that the three invoices received at the hearing were

- 789 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

dated between April and June 2013. The complaint was filed in July 2016. The only indication of an objection to the amount contained in our record is in Scheer's answer filed in August 2016. The failure to object to an account stated is admissible in evidence as tending to prove an acknowledgment of its correctness. *John Deere Co. of Moline v. Ramacciotti Equip. Co., supra*. Given the absence of any objection by Scheer for 3 years, the evidence was sufficient to establish an account stated and that the amount claimed was correct. See, also, *McKinster v. Hitchcock*, 19 Neb. 100, 104-05, 26 N.W. 705, 706 (1886) (stating "perhaps the better rule is, that if such an account be retained for an unreasonable time without objection it will be treated as an account stated and *prima facie* correct").

[8] Because an account stated creates a new cause of action in which pleading and proof of the original items of indebtedness are unnecessary, American Express was not required to prove the underlying transactions. And because an account stated sets the amount agreed upon, Scheer's argument that it does not reflect American Express' actual damages is irrelevant. An account stated is not subject to the usual defenses attacking the original items of indebtedness, but is subject to the defenses of usury, fraud, and mistake. See, *In re Estate of Black, supra*; *Jorgensen v. Kingsley*, 60 Neb. 44, 82 N.W. 104 (1900). Therefore, once American Express presented a prima facie case of an account stated, the burden of proof shifted to Scheer to prove that no agreement as to the amount owed existed. Absent evidence to dispute the existence of an account stated, Scheer was left to his affirmative defenses of usury, fraud, and mistake.

Although Scheer asserted the defenses of usury, fraud, and mistake in his answer, his allegations are conclusory and he has not directed us to any disputed material fact in evidence as to these defenses. We note that he also does not make any argument on appeal specific to these defenses. We therefore do not address them.

- 790 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

Scheer relies upon *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000), to argue that before American Express was entitled to summary judgment, it was not only required to present evidence supporting its claims, but it was also required to disprove the affirmative defenses pled in his answer. In *City State Bank v. Holstine, supra*, the plaintiff commenced an action against the defendant for defaulting on a promissory note which the defendant had cosigned. The defendant raised various affirmative defenses in his answer, including that the plaintiff made fraudulent representations to induce him to cosign the note. In support of this defense, the defendant pled six specific fraudulent misrepresentations allegedly made by the plaintiff. The plaintiff moved for summary judgment and presented evidence in support of its claims. The trial court granted the motion, and the defendant appealed.

On appeal, the Nebraska Supreme Court observed that the evidence presented by the plaintiff at the summary judgment hearing generally established its claims, but the plaintiff presented no evidence regarding most of the affirmative defenses pled in the answer. The Supreme Court recognized that the petition sought judgment on a promissory note, and the operative answer raised numerous purported affirmative defenses, which were denied by the plaintiff; thus, the issues were framed by those pleadings. The court then stated that in order for the plaintiff to succeed on its motion for summary judgment, it was required to produce evidence of the promissory note on which the defendant was the cosigner and a default thereon. The court additionally determined that given the posture of the case, the plaintiff was also required to produce evidence which demonstrated that there were no genuine issues of material fact regarding the defendant's cognizable affirmative defenses and that it was entitled to judgment as a matter of law. Because the plaintiff produced no evidence regarding the material factual allegations set forth in certain of the defendant's purported affirmative defenses,

- 791 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
AMERICAN EXPRESS CENTURION BANK v. SCHEER
Cite as 25 Neb. App. 784

the Supreme Court concluded that the plaintiff failed to meet its initial burden as the party moving for summary judgment to produce evidence which, if uncontroverted, would entitle it to judgment as a matter of law. Accordingly, the court held that the trial court erred in granting summary judgment in the plaintiff's favor.

[9] In the present case, however, Scheer did not plead material factual allegations in his answer when asserting his affirmative defenses as did the defendant in *City State Bank v. Holstine, supra*; rather, Scheer alleged general legal conclusions. His generalized defenses of fraud and usury are not material factual allegations, and although we recognize that Scheer was not required to plead specific facts because Nebraska is no longer a code-pleading jurisdiction as it was at the time *City State Bank v. Holstine, supra*, was decided, it remained Scheer's burden to produce material facts in dispute to overcome American Express' motion. By electing not to offer any evidence at the hearing on the motion for summary judgment, Scheer failed to prove the existence of a genuine issue of material fact and the district court properly granted judgment in favor of American Express. Scheer's assigned error also asserts that the district court erred in denying his motion for reconsideration; however, Scheer does not argue this assignment. Errors that are assigned but not argued will not be addressed by an appellate court. *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014).

## CONCLUSION

We conclude that Scheer failed to establish the existence of a genuine issue of material fact once American Express presented a prima facie case. We therefore affirm the decision of the district court granting summary judgment in favor of American Express.

Affirmed.