IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

SMITH V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BRANDON M. SMITH, APPELLANT,

V.

CAITI J. SMITH, NOW KNOWN AS CAITI J. BUNGER, APPELLEE.

Filed September 28, 2021.    No. A-21-123.

Appeal from the District Court for Kearney County: TERRI S. HARDER, Judge. Affirmed.

Brandon M. Smith, pro se.

Nicholas D. Valle, of Langvardt, Valle & James, P.C., L.L.O., for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Brandon M. Smith appeals from an order of the district court for Kearney County which granted summary judgment to Caiti J. Smith, now known as Caiti J. Bunger, and dismissed Brandon's amended complaint to modify the parties' decree of dissolution. Based on the reasons that follow, we affirm.

### BACKGROUND

A decree of dissolution was entered on February 20, 2019, ending the parties' marriage. Among the issues decided by the court was the division of the parties' property and debts. One of the disputed property issues included the residence where the parties lived at the time of the divorce.

The trial court found as a matter of equity that a value of $45,000 should be assigned to the residence and included as marital property. Specifically, the court found that prior to the marriage,

- 1 -

Brandon transferred the residence to his mother for no consideration for the purpose of defrauding the government in order for Brandon to decrease assets to obtain medical coverage. The court noted that Brandon's mother never acted like the owner of the residence and that the parties had paid for significant improvements to the residence. And further, Brandon put an addition on the home after the parties separated. In order to equalize the property and debt division, the court entered a judgment against Brandon in the amount of $21,598.

Both parties were represented by counsel during the divorce proceedings. No appeal was filed from the decree.

On November 3, 2020, Brandon filed a pro se amended complaint to modify the decree of dissolution asking the court to vacate and/or amend its finding that the residence was part of the marital estate and the corresponding property judgment. His request to vacate and/or amend was based on allegations of fraud and newly discovered evidence. See Neb. Rev. Stat. § 25-2001(4) (Reissue 2016).

On November 18, 2020, Caiti filed an answer and counterclaim in response to Brandon's amended complaint to modify. She also filed a motion for judgment on the pleadings/motion for summary judgment. The motion alleged that Brandon's amended complaint to modify failed to state any facts to support any elements of fraud and failed to set forth any newly discovered evidence. The motion further stated that there were no material issues of fact and that Caiti was entitled to judgment as a matter of law.

A summary judgment hearing was held where multiple exhibits were offered and received into evidence. The evidence presented at the hearing showed that while the divorce was pending Caiti provided answers to interrogatories which included a statement that she claimed an ownership interest in the "marital home." Also during the divorce proceedings, the court granted Caiti's motion for inspection, allowing her to inspect the residence and bring others with her for purposes of valuation. In an affidavit of Caiti, she explained the history of the ownership of the house and stated that she had put her own money into improvements for the home.

A quitclaim deed dated September 13, 2011, was presented which transferred the residence from Smith Home Improvements, LLC (Brandon's business), to Karen A. Smith (Brandon's mother). Karen did not testify at the divorce trial. The evidence at the summary judgment hearing also showed that Brandon and Caiti did not have title to the residence. Further, the evidence showed that Caiti, while married to Brandon, filed bankruptcy in October 2012 and did not list that she owned any real estate on her bankruptcy filings.

Following the hearing, the court entered an order finding that there was not a genuine issue of material fact as to Brandon's allegation that Caiti committed fraud or his allegation that he had newly discovered evidence. The court granted Caiti's motion for summary judgment and dismissed Brandon's amended complaint.

## ASSIGNMENTS OF ERROR

Brandon assigns that the trial court erred in (1) classifying real estate owned by a third party as marital property and (2) disregarding material facts presented to show Caiti's fraudulent scheme to obtain money by false pretenses.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *American Express Centurion Bank v. Scheer*, 25 Neb. App. 784, 913 N.W.2d 489 (2018).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Wintroub v. Nationstar Mortgage*, 303 Neb. 15, 927 N.W.2d 19 (2019).

## ANALYSIS

Brandon first assigns that the trial court erred in classifying real estate owned by a third party, his mother, as marital property. Under this assignment of error he argues that the residence was not part of the marital estate; the court's finding in the decree that he defrauded the government is without merit; and that the court abused its discretion in accepting Caiti's "noncredible testimony" and in awarding her a money judgment. Brief for appellant at 11. Brandon's first assignment of error and corresponding argument have nothing to do with the court's order granting Caiti's motion for summary judgment, the order being appealed from in the instant case. Rather, his assignment of error and argument only relate to the trial court's findings in the dissolution decree. Brandon is essentially trying to appeal from the decree rather than the order on the motion for summary judgment. He did not appeal from the decree within 30 days and he cannot do so now. Brandon's first assignment of error fails.

Brandon next assigns that the trial court erred when "disregarding material facts presented to show [Caiti's] fraudulent scheme to obtain money by false pretense." Basically, he claims there was evidence to show that Caiti fraudulently misrepresented facts about the residence at the time of the divorce such that a genuine issue of material fact existed and summary judgment was not appropriate.

Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wintroub v. Nationstar Mortgage, supra*. Under this standard of review, summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

A party moving for summary judgment makes a prima facie case for summary judgment by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. *American Express Centurion Bank v. Scheer, supra*. Once the moving party makes a prima facie case, the burden shifts to the party opposing the motion to produce admissible contradictory evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id.*

Where reasonable minds could draw different conclusions from the facts presented, such presents a triable issue of material fact. *Wynne v. Menard, Inc.*, 299 Neb. 710, 910 N.W.2d 96

(2018). If a genuine issue of fact exists, summary judgment may not properly be entered. *Barnes v. American Standard Ins. Co. of Wis.*, 297 Neb. 331, 900 N.W.2d 22 (2017).

As the trial court found, Brandon failed to produce any evidence of fraud by Caiti. The evidence presented at the summary judgment hearing showed that at the time of the divorce, there was a factual dispute between the parties about an equitable interest in the residence. Caiti made it clear that she was claiming a marital interest in the residence at the time of the divorce; she did not attempt to hide her claim from Brandon. In her answers to interrogatories, she indicated that she owned or had a property interest in the residence. In her affidavit, she explained the history of the ownership of the house and stated that she had put her own money into improvements for the home. The order granting Caiti's motion for inspection allowed her to inspect the "marital home" and bring others with her for purposes of valuation. Finally, a third amended joint property statement indicated that the property was owned by Brandon's mother but that Caiti's value was to be determined.

Brandon set forth no specific facts in his amended complaint or presented any evidence that would provide any basis to conclude that Caiti committed fraud. Rather, Brandon simply contends that Caiti presented evidence and testimony during the divorce trial that was untrue and therefore fraudulent. Basically he claims that she lied, so she committed fraud. He presents nothing to support his claim.

The decree, which was also presented as an exhibit at the summary judgment hearing, shows that at the time of the divorce the court heard evidence in regard to the dispute involving the residence and decided the issue. It was the court's duty to determine the credibility of witnesses and the court apparently believed Caiti. Brandon's claim that Caiti lied about the ownership of the property without more does not create a material issue of fact.

Brandon's allegations of fraud in his amended complaint are simply an attempt to relitigate the same issue that was before the court at the divorce trial. If he disagreed with the court's factual findings, a direct appeal from the decree was his recourse, but he did not appeal. We agree with the trial court that there is not a genuine issue of material fact as to Brandon's allegation that Caiti committed fraud.

CONCLUSION

For the reasons set forth above, we affirm the order of the district court granting Caiti's motion for summary judgment and dismissing Brandon's amended complaint to modify the parties' decree of dissolution.

AFFIRMED.